### 32844. MAY v. MAY.

PER CURIAM.

Appellant (plaintiff below) was awarded a divorce and permanent alimony (in the form of cash payments and title to certain property). In her complaint appellant alleged that her transfer of other property (known as Lots 1-13) to her husband was void because of his fraud. At some point appellant withdrew from consideration the issue of the validity of this transfer. The jury was charged, at her request, to consider Lots 1-13 as belonging to her husband in awarding alimony to appellant.

Although we have some difficulty understanding appellant's arguments, it appears that she is contending that the withdrawal of the issue of the validity of the transfer of Lots 1-13 was pursuant to a stipulation that this issue would be considered by the judge at a later date. When appellant sought to adjudicate this issue, the trial judge (who sat in the jury trial as well) ruled that the issue of the validity of the transfer had been abandoned, that the jury award of permanent alimony finally resolved all dispute over Lots 1-13, and that the lis pendens relating to Lots 1-13 was no longer in effect.

---

The only indication before this court of any stipulation regarding Lots 1-13 is in the decree entered after the jury trial, in which the court reserved the "question raised" by appellant "as to the Lis Pendins [sic]" filed by her. So far as the record shows, the court properly construed its decree, which is ambiguous as to whether the issue of fraud was reserved. Appellant's requested charge concerning Lots 1-13 supports the trial court's holding.

Since all litigation concerning Lots 1-13 had terminated, the lis pendens was no longer in effect.

*Judgment affirmed. All the Justices concur.*

Submitted October 7, 1977 — Decided February 7, 1978.

*Margaret Hopkins, Arline Kerman, James R. Venable,* for appellant.

*Peek & Whaley, J. Corbett Peek, James Garland Peek,* for appellee.